IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHRYN R. WADE, et al.,

        Plaintiffs,

    v.

CITY OF ANTIOCH, et al.,

        Defendants.

Case No.  25-cv-03200-CRB

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Katherine Wade, S.B., China Young, Adrian Arroyo, and Brandon Lopez (collectively, "Plaintiffs") brought an action against Officers Jacob Ewart, Michael Mellone, Morteza Amiri, Eric Allen Rombough, Devon Wenger, Joshua Evans, Jimmy Wisecarver, Kelly Inabnett, James Stenger, Aaron Hughes, and James Colley (collectively, "Defendants") in their individual capacities, alleging that they carried out a 42 U.S.C. § 1985(3) conspiracy to injure, oppress, threaten, and intimidate residents of Antioch, California by engaging "in a repeated pattern and practice of civil rights violations and other misconduct." SAC (dkt. 28) ¶ 26. Defendants move to dismiss Plaintiffs' sole claim. Mot. (dkt. 30). Because Plaintiffs' complaint is barred by the applicable two-year statute of limitations, the Court **GRANTS** Defendants' motion to dismiss.

I.    **BACKGROUND**

    A.    **Factual Background**

        1.    **Plaintiffs Katherine Wade and S.B.**

Plaintiffs Katherine Wade and S.B. allege that their family member, Malad Baldwin, was targeted by police on multiple occasions because he was Black and spoke

about police misconduct.  SAC ¶¶ 27–50.  They allege that Defendants and other Antioch police officers attacked and beat Baldwin several times between 2019 and 2020.  Id. ¶¶ 29, 30–31.  And in 2020, Defendants even refused to seek medical assistance for Baldwin.  Id. ¶¶ 37–38.  On March 11, 2021, Baldwin became very ill, and Wade called 911, requesting that dispatch not send any police officers.  Id. ¶ 39–40.  However, soon after the Emergency Medical Technicians ("EMTs") arrived, Defendants Ewart and Mellone and other police officers entered the house without a warrant or consent.  Id. ¶¶ 41–42.  After the EMTs removed Baldwin from the house, Wade noticed that Antioch police were rummaging through her and her son's belongings.  Id. ¶¶ 44–46.  Wade then demanded that the officers leave, but they continued to search her home.  Id. ¶ 47.  Baldwin died at the hospital two days later.  Id.  Wade and S.B. allege that Defendants Ewart and Mellone, acted in a conspiracy with the other defendants to commit these acts.  Id. ¶ 53.

### 2. Plaintiff China Young

Plaintiff China Young alleges that on October 20, 2019, Defendant Wenger took her into custody without warning, grabbed her, punched her, and slammed the back of her head into a parked car.  SAC ¶ 54.  Young alleges that Wenger acted in a conspiracy with the other defendants to commit this act.  Id. ¶ 55.

### 3. Plaintiff Adrian Arroyo

Plaintiff Adrian Arroyo alleges that in the early morning of July 24, 2019, Defendant Amiri initiated a traffic stop, punched him multiple times, and that Amiri's K9 bit and injured him.  SAC ¶¶ 57–58.  Amiri allegedly sent descriptions and photos of the bite to fellow officers, including Defendant Rombough, and joked about the incident.  Id. ¶¶ 59–65.  Arroyo alleges that Defendant Amiri acted in a conspiracy with the other defendants to commit this act.  Id. ¶ 67.

### 4. Plaintiff Brandon Lopez

Plaintiff Brandon Lopez alleges that he was arrested sometime in November of 2020 because of fabricated evidence provided by Defendant Rombough in his police report.  SAC ¶ 69.  Lopez was sentenced to 24 months in federal prison, but his case was

2

reviewed and vacated at the request of the Contra Costa County District Attorney's office. Id. ¶¶ 69–70.  Lopez alleges that Defendant Rombough acted in a conspiracy with the other defendants to commit this act.  Id. ¶¶ 68, 71.

### 5.    Investigation Findings

The Contra Costa County and the FBI launched an investigation into the Antioch Police Department and, upon releasing their findings to the public, they disclosed racist text messages between Antioch Police officers related to previous civil rights abuses. SAC ¶¶ 51–52, 60–65.  In these private messages, some of the defendants joked about their excessive use of force against Baldwin, Wade's son.  Id. ¶¶ 51–52.  In other messages, another group of defendants joked about the K-9 biting Arroyo.  Id. ¶¶ 59–67.

Plaintiffs allege that they first learned that Defendants were acting in conspiracy to injure, oppress, threaten, and intimidate Antioch residents on April 13, 2023, the day of the release.  Id. ¶¶ 51–53.

### B.    Procedural History

Plaintiff Wade, brought this action on April 9, 2025, suing several Antioch police officers.  See Compl. (dkt. 1).  On October 8, 2025, Plaintiffs filed a second amended complaint and alleged that Defendants perpetrated a Section 1985 conspiracy to violate civil rights.  SAC ¶ 72.

Plaintiff Wade had filed a similar lawsuit in 2023 against the City of Antioch, Defendant Mellone, and Defendant Ewart, alleging Section 1981 and 1983 violations. Mot. at 3.  The 2023 lawsuit arose from the same incidents between her son and the Antioch police described in this case.  See Mot., Ex. C ¶¶ 25–52 (complaint in Wade v. Antioch Police Department et al., 4:23-cv-01130 (N.D. Cal 2023), alleging the same series of injuries);[1] SAC ¶¶ 27–52 (describing almost verbatim the same set of factual allegations

---

[1] The Court **GRANTS** Defendants' request for judicial notice of exhibits submitted along with their motion.  Dkt. 30-2.  The exhibits are in the public record and the Court may take judicial notice of documents that are "not subject to reasonable dispute" because they (1) are "generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018).  The Court may take notice of "court

United States District Court
Northern District of California

and incidents of Wade's initial action).  Defendants allege that Plaintiff Wade signed a Release and Settlement Agreement ("RSA") on December 26, 2024, releasing Defendants Ewart, Mellone, and Antioch's current and former officers, agents, and employees from all known or unknown claims arising out of the same incidents.  See Mot., Ex. I at 4–5.  After Wade signed the RSA, the case was dismissed with prejudice on December 30, 2024.  Id.

Defendants now move to dismiss.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in a complaint.  Illeto v. Glock, Inc., 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Detailed factual allegations" are not required, but plaintiffs must offer sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Com. v. Twombly, 550 U.S. 544, 555, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 2001).  A court need not, however, "accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint."  United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Ins., 720 F.3d 1174, 1178 (9th Cir. 2013) (cleaned up).

## III.   DISCUSSION

Defendants argue that the Plaintiffs' Section 1985(3) conspiracy claim should be

_____

filings."  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

4

dismissed because Plaintiffs' complaint is barred by the applicable statute of limitations. Mot. at 9. For the reasons below, the Court dismisses Plaintiffs' claim as time-barred.

While Section 1985 does not include a statute of limitations, conspiracy suits under the provision are governed by the same statute of limitations as actions under Section 1983. McDougal v. Cnty of Imperial, 942 F.2d 668, 673–74 (9th Cir. 1991). Section 1983 actions are governed by the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). California has a two-year statute of limitations for such personal injury actions. Cal. Civ. Proc. Code § 335.1.

While state law sets the applicable statute of limitations, federal law determines when a civil rights claim accrues. Morales v. Los Angeles, 214 F.3d 1151, 1153–54 (9th Cir. 2000). A claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). A plaintiff has knowledge "upon awareness of the actual injury . . . and not when the plaintiff suspects a legal wrong." Lukovsky v. City & Cnty. of San Francisco, 535 F.3d 1044, 1049 (9th Cir. 2008). The Ninth Circuit has rejected the notion that knowledge requires both knowledge of the "actual injury" and the "legal wrong," such as racial discrimination. See id. at 1048–51.

For Section 1985(3) claims, the statute of limitations begins to run on the date of the last act alleged "from which damage could have flowed." Lambert v. Conrad, 308 F.2d 571, 571 (9th Cir. 1962). The conspirators must have committed or caused "any act in furtherance of the object of the conspiracy, whereby [the plaintiff] was injured in his person or property or deprived of [any right or privilege]." Griffin v. Breckenridge, 403 U.S. 88, 103 (1971) (internal citation omitted). The act must be committed "pursuant to the conspiracy" and "during its course." Hoffman v. Halden, 286 F.2d 280, 295 (9th Cir. 1959), overruled in part on other grounds by Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962). Critically, plaintiffs must allege a specific act occurring within the statutory period; they cannot rely on a "general allegation that the conspiracy continued to a date within the limitations period." Lambert, 308 F.2d at 572.

Here, accrual is measured from the date of Plaintiffs' last alleged injury because, on that date, all Plaintiffs "knew or had reason to know of the[ir] injury." See TwoRivers, 174 F.3d at 991. The most recent alleged injury took place on March 11, 2021, when the police, including Defendants Ewart and Mellone, searched Wade's home. SAC ¶¶ 42–48. All other injuries predate March 11, 2021 and, by this date, all Plaintiffs knew of their respective injuries that form the basis of this action. See id. ¶¶ 54, 57, 69. Indeed, "at this point, [Plaintiffs] knew they had been injured and by whom . . . even if at that point in time [Plaintiffs] did not know of the legal injury, i.e., that there was an allegedly discriminatory motive underlying" the actual injury. See Lukovsky, 535 F.3d at 1051. Accordingly, to comply with the two-year statute of limitations, Plaintiffs should have filed by March 11, 2023. They did not. Since Plaintiffs first filed on April 9, 2025, the statute of limitations bars their conspiracy claim. See Compl.

To avoid this outcome, Plaintiffs allege that they had no knowledge of Defendants' conspiracy to "injure, oppress, threaten, and intimidate" them until April 13, 2023, when the Contra Costa District Attorney released the text messages between Defendants—sent in July 2019 and June 2020—in which they joked about the incidents involving Plaintiffs. SAC ¶¶ 51, 57–65, 78, 81, 84, 87. That is of no consequence. Knowledge of the "actual injury"—i.e. searching a home without a warrant—is enough for Plaintiffs' claim to accrue, even if they had not yet discovered the "legal wrong," the conspiracy to racially discriminate against Plaintiffs. See Lukovsky, 535 F.3d at 1048–51.

Further, the relevant text messages predate Plaintiffs' most recent injury, which took place on March 11, 2021. SAC ¶¶ 42–48. And while these messages were released to the public on April 13, 2023, discovering the existence of a conspiracy is not an act committed during the "course" and "in furtherance" of the conspiracy that would trigger a new injury. See Hoffman, 286 F.2d at 295; Griffin, 403 U.S. at 103. Consequently, the statute of limitations still began to run on March 11, 2021, and Plaintiffs' claim is untimely. SAC. ¶¶ 39–48.

**IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss with prejudice, as amendment would be futile.

**IT IS SO ORDERED.**

Dated: April 2, 2026

CHARLES R. BREYER
United States District Judge